976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William M. ALLEN, Petitioner-Appellant,
v.
B.J. BUNNELL, Superintendent, Respondent-Appellee.
 No. 92-15057.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William M. Allen, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Allen was convicted on four counts of rape, four counts of sodomy, and one count of oral copulation. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 Ex Post Facto
 
 3
 Allen contends that the instructions read at his trial, which were conceded to be erroneous by the state, allowed for less or different testimony necessary to a sustain a conviction than required at the time he committed the offenses, in violation of the Ex Post Facto Clause. The jury in Allen's trial was instructed based on 1981 amendments to the statutes he was charged under even though he committed the offenses before the amendments were passed. See Cal.Stats.1980, c. 587, p. 1595, § 1; Cal.Stats.1980, c. 915, p. 2912, § 1.
 
 
 4
 Retroactive application of a new statute violates the Ex Post Facto Clause where the statute: (1) punishes as a crime an act previously committed, which was previously lawful; (2) increases the punishment for a crime after its commission; or (3) deprives one charged with a crime of any defense available according to the law at the time the act was committed. Collins v. Youngblood, 110 S.Ct. 2715, 2724 (1990). If none of these factors are implicated by the erroneous instruction, then the instructional error is subject to a harmless error analysis. Rose v. Clark, 478 U.S. 570, 576 (1985).
 
 
 5
 The only difference between the instructions that should have been read and the ones that were erroneously read to the jury is that, in all three charges that Allen was subject to, the words "threat of great bodily harm" were amended to "fear of immediate and unlawful bodily injury." The district court held that none of the Youngblood factors applied, and the erroneous instructions were harmless beyond a reasonable doubt. We agree with the reasoning of the district court and affirm its opinion concerning this claim.
 
 Ineffective Assistance
 
 6
 Allen contends that the district court erred in rejecting his claim that his trial counsel was ineffective in failing to object to the erroneous jury instructions. The district court held that because the erroneous instructions were harmless, Allen was not prejudiced by his counsel's failure to object to them. See Strickland v. Washington, 466 U.S. 668, 686 (1984). We agree and affirm.
 
 Denial of Due Process and Trial by Jury
 
 7
 Allen's final contention is that he was denied his right to trial by jury because the improper instructions denied him a jury determination of the crimes for which he was charged. Again, the district court rejected this claim after holding that any error in instructing the jury was harmless beyond a reasonable doubt. We agree and affirm.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3